Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
401 West C St., Suite 1760
San Diego, CA 92101
Tel: (714) 651-8845
tkashima@milberg.com

*Attorneys for Plaintiffs and the Class*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT A. MASON**, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> **SAMSUNG ELECTRONICS AMERICA, INC**. and **SAMSUNG ELECTRONICS CO., LTD**., <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **BREACH OF IMPLIED** <br> 2. **VIOLATION OF CAL. CIV. CODE §§ 1792** *et seq.*; **and** <br> 3. **VIOLATION OF 15 U.S.C. § 2301,** *et seq*. <br> 4. **VIOLATION OF CAL. BUS. & PROF. CODE §§ 17500,** *et seq.;* <br> 5. **VIOLATION OF CAL. CIV. CODE §§ 1750,** *et seq.;* <br> 6. **VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200,** *et seq.* <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Robert A. Mason brings this Class Action Complaint against Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. ("Samsung" or "Defendants"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys:

## INTRODUCTION

1. Plaintiff brings this action against Samsung on behalf of individuals, in California, who purchased a defective Samsung electric or gas ranges with front-mounted burner control knobs that purportedly must be depressed and turned in ordered to activate the heating element of the range ("Samsung Ranges").

2. Defendants' Samsung Ranges suffer from an inherent defect that allows Samsung Ranges to be turned on, despite the burner control knobs not being depressed and turned, as the instructions in Defendants' user manual and international standards require. Accordingly, as Defendants admit, the Samsung Ranges can be "accidentally turn on cooktop too easily," causing the substantial risk of injury to property and person.

3. The defective condition of the Samsung Ranges is the result of the low detent (catch that prevents motion until released) force and tiny distance the burner control knobs need to travel to be turned to the "on" position, which is inadequate to prevent unintentional activation. In other words, the ease with which the knobs can be rotated without resistance fails to prevent the cooktop from being turned on inadvertently (the "Defect").

4. The Defect renders the Samsung Ranges unsafe and unsuitable for personal and household use. The Defect has already caused a number of injuries and property damage, resulting from the inadvertent activation of the Samsung Ranges.

5. Samsung is aware of the Defect and has continued to market,

CLASS ACTION COMPLAINT

distribute, and retail the Samsung Ranges.  Consumers have filed numerous incident reports about the Defect with the U.S. Consumer Product Safety Commission (the "CPSC"), provided reviews detailing the problem to Samsung and its authorized retailers, and filed complaints and warranty claims directly with Samsung.  Indeed, Samsung has admitted the problem on its own website and instructed consumers to purchase third-party guards to prevent inadvertent activation of the Samsung Ranges.

6.    Samsung and its authorized agents and retailers have been unable or unwilling to repair the Defect or offer Plaintiff and Class members a non-defective Samsung Ranges or reimbursement.

7.    Samsung likely knew of the Defect prior to selling or placing the Samsung Ranges into the stream of commerce such that its failure to comply with these warranty obligations was willful.

8.    Plaintiff and Class members suffered economic injury as a result of purchasing the Samsung Ranges that have burners that repeatedly and unexpectedly turn on.  Such dangerous Ranges do not work as warranted and reasonably excepted and create the unacceptable risk of property damages and injury, rendering the Ranges less valuable than a product that complies with international standards.  Samsung failed to remedy this harm, and Samsung earned and continues to earn substantial profits from selling defective Samsung Ranges.

## THE PARTIES

9.    Plaintiff Robert A. Mason is a citizen and resident of Temecula, California.  On or about August 2019, Plaintiff Mason purchased a Samsung range, Model No. NX60A6511SS, from Sears' online store in Temecula, California.  Plaintiff Mason reviewed Samsung marketing materials, including online promotional materials, before he purchased his range.  Plaintiff Mason was aware that his Samsung range was covered by a manufacturer's warranty and relied on this warranty when making his decision to purchase his range.  The warranty

provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.

10.     Plaintiff Mason uses, and at all times has used, his Samsung Range in a normal and expected manner (*i.e.* for normal household use).    Almost immediately, Plaintiff Mason noted that the burners on his range would inadvertently activate without the knobs being depressed and turned.    Indeed, Plaintiff's microwave oven is located above his oven, and when the microwave is used, individuals would often accidentally turn on the middle burner.    This was extremely dangerous, as it would mean that the stove (or at least the gas) could turn on unknowingly, and at unexpected times.

11.     Defendant Samsung Electronics Co., Ltd. is a South Korean multinational corporation located in Seoul, South Korea. Samsung Electronics Co., Ltd. designs, manufactures, and distributes the Samsung Ranges for sale in this jurisdiction. According to samsung.com, Samsung Electronics Co., Ltd.'s "North America Headquarters" is in Ridgefield Park, New Jersey.

12.     Defendant Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd. Samsung Electronics America, Inc. is a New York corporation with its headquarters in Ridgefield Park, New Jersey. Samsung Electronics America, Inc. warranties products designed, manufactured, and distributed by Samsung Electronics Co., Ltd., and it acts as Samsung Electronics Co., Ltd.'s agent in the processing of warranty claims related to defects in manufacturing or materials used by Samsung Electronics Co., Ltd. during the manufacturing process.

13.     Defendants are in the business of manufacturing, producing, distributing, and selling consumer appliances, including Samsung Ranges, to customers throughout the United States, both directly and through its network of authorized dealers.

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees and costs and at least one Class member is a citizen of a state different from at least one Defendant.

15.     This Court has personal jurisdiction over Defendant because it regularly conducts business in the State of California and this District and has extensive contacts with this forum.   Defendant purposefully availed itself to California's jurisdiction and distributes its Samsung Ranges to locations throughout the State.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because substantial part of the events or omissions giving rise to the claims brought by Plaintiffs and the class have occurred in this District and Defendant transacts substantial business in this district.

**FACTUAL ALLEGATIONS**

**A.     The Samsung Ranges**

17.     Samsung markets, distributes, and warrants the Samsung Ranges in California and throughout the United States.   These kitchen Ranges combine an oven and a cooktop into one product.   The Samsung Range are offered in several different models (including slide-in and free-standing models in gas, electric, induction, and dual fuel) with several different options (including different sizes and finishes). Despite the variance between the different offerings, each of the Samsung Range uses the same mechanism to operate the stovetop burners: a collection of front mounted burner control knobs, which must be depressed and turned to activate.

18.     The use of this 'two-factor mechanism' for activating a burner (*i.e.* pushing in and turning on the knob) is not arbitrary.   It is an important safety feature required   by   international   standards.   *See*   Samsung's   Website,   at https://www.samsung.com/us/support/troubleshooting/TSG01203557/ (last visited

CLASS ACTION COMPLAINT

on June 9, 2022).  Accordingly, any range of merchantable quality would require the same 'two-factor mechanism' for activating a burner.

19.    The User Manual for the Samsung gas and electric Ranges provide similar instructions for activating the burners:

### Lighting a gas surface burner

Make sure all surface burners are positioned and assembled properly.



1. Push in and turn the control knob to the LITE position. You will hear a "clicking" sound indicating the electronic ignition system is working properly.
2. After the surface burner lights, turn the control knob to adjust the power setting of the surface burner and turn off the electronic ignition system.

**Surface unit control knob**



Single



Dual

1. Push the knob in.
2. Turn in either direction to the setting you want.
- Position A : Single burner
- Position B : Dual burner

*See* Samsung User Manuals, available at https://downloadcenter.samsung.com/content/UM/202103/20210308173903855/NX58H5_Series_AA_DG68-00526A-15_EN.pdf and https://downloadcenter.samsung.com/content/UM/202002/20200210164110180/NE59M4310_AA_DG68-00881A-03_EN-MES-CFR.pdf (last visited on July 15, 2022).

### B.    The Defect

20.    Consumers reasonably expect that burners on any kitchen range can only be activated by intentional and deliberate action.  The natural corollary, is that a reasonable consumer would not expect that burner knobs could be turned with the

6

application of slight accidental pressure.  This is particularly true of ranges that use the required 'push and turn' method of activation.

21.    The Samsung Ranges, however, do not meet these reasonably expectations.  Instead, the Samsung Ranges have burner knobs that will activate with the smallest application of rotational force, often without the knob being depressed.  Accordingly, the slightest bumps caused by individuals or pets brushing against the Samsung Ranges, can inadvertently activate the burners on the Ranges.   This problem is compound by the fact that the burner knobs are located on the front of the Ranges, where they are likely to be accidentally touched.

22.    Soon after the Samsung Ranges were released, consumers lodged complaints about their experiences with the Defect.   Hundreds of consumer complaints about the Defect were filed with Defendants and posted online.  Samsung continued to market and sell these Ranges without curing the Defect or disclosing its existence to consumers.

23.    For example, numerous public complaints can be found on the CPSC's website.  These complaints demonstrate both the prevalence of the Defect and its existence across Samsung's product and model lines.  While these complaints are too numerous to list here, examples include:

> When one is cooking something or leaning against the stove, there is the potential to touch the control knobs and turn the range burners on. The control knobs are in the front of the stove and are super sensitive. The consumer has leaned against the stove while cooking or cleaning the range and unknowingly found the burners on. The consumer also had relatives in her home on different occasions, who boiled water and experienced the same problem. The oven also goes on if the stove is touched in that area. No one has been injured and the range does not appear to be included in a recall.

A consumer complaint regarding Samsung Range, model no. NE58K9430SS lodged on 7/15/2020, report no. 20200715-A089D-1996159.

CLASS ACTION COMPLAINT

On 5 different occasion my range has turned on and started fires. First time it burnt the drying mat I had placed on the stove top. Second time it melted the items in a bag of groceries that I placed on top of the range. Third time on 7/22/21, it scorched a pan that was on top of the stove. Forth time on 9/9/21, there were flames coming from the back left area of the range top. Fifth time on 9/20/21there were flames from a pizza that was on top of the range. The only damage that has happened so far is the flame marks on the wall that I have repainted over and the discoloration of the stove top. The knob are to sensitive and easily turned on by the slightest touch. My shirt touched the oven controls while cooking and turned the oven on. My kitten has been jumping on the stove and turning the knobs starting the fire. This oven is not safe to have . The last 2 fires have happened during the night and have been woken up to the smoke detectors going off.

A consumer complaint regarding Samsung Range, Model No. NE63T8111SG/AA lodged on 9/21/2021, Report No. 20210921-FFCEB-2147360442.

The knobs on the stove turn on very easily and move if bumped when they are turned on. Control dashboard is very sensitive and things turn on at the slightest touch, not just with hands. Sometimes you have to unplug the oven to get it to shut off due to malfunctioning control panel. We have had several things burn including fingers on the stove top due to burners coming on.

A consumer complaint regarding Samsung Range, Model No. NE63T8111SS/AA lodged on 7/8/2021, Report No. 20210708-59A01-2147363041.

The product is a Samsung electric range/oven slide-in model NE58K9430SS. Mine was manufactured in June 2017. I have had multiple issues with a new Samsung electric slide in range. The knobs, which control the stove top burners, do not need to be depressed and turned to activate the range top. Gently bumping into the burner knobs or digital screen activates and turns on heating elements. The burners have been accidentally and unknowingly been turned on by several people in our home which has resulted in injury and loss of property. Three incidents that stand out the most are listed. The first was a babysitter bumped the stove which turned the stove burner on high resulting in an object burning on the glass stove top. When smoke was smelled, the babysitter responded quickly and prevented a full kitchen fire. The second: I bumped a burner knob with my hip which resulted in the burner being turned on high heat, without my knowledge, ending

with my finger being burned. The burner under the glass top was activated while my hand was resting on the glass top. The third: my dog touched the stove digital screen with his nose, in front of me, which then turned on the stove top "warmer" burner. I've had to keep my dog away from the stove so he doesn't accidentally turn on the heating elements. So far he has turned on the self-clean feature, the timer, and the glass top warming element. A simple search online has shown countless numbers of these incidents. Samsung should repair these burner knobs so that they must be pushed in and rotated to activate the burners, just like every other safe range.

A consumer complaint regarding Samsung Range, Model No. NE63T8111SS/AA lodged on 7/25/2019, Report No. 20190725-384AE-2147379672.

…The knobs on the front of the stove are very sensitive. If anyone brushes against them, the burners comes on.The touch pad buttons so sensitive. If brush against it, oven has started self cleaning or goes. Had to shut breaker to shut oven off. If starts self cleaning goes on can only stop it by shutting breaker off. Oven goes on also if brush against control pad. Safety issue.P.C. Richard Service came 4/14/21 & said nothing they can do. It is design of the oven. … The consumer contacted the firm on 3/23 to tell them about the sensitivity of the knobs on the front of the stove.

A consumer complaint regarding Samsung Range, Model No. NE58K9430SS lodged on 3/24/2021, Report No. 20210324-4794C-3135681.

…the KNOBS ON THIS MODEL ARE VERY DANGEROUS, and a hazard with children, adults, the elderly and anyone wearing clothing around it/leaning over, brushing up, bumping, leaning, reaching, will turn on the knobs, click, click and twice I actually turned on the jets on 2 burners while reaching into the upper microwave!!!!...

A consumer complaint regarding Samsung Range, Model No. NX58M9420SS & NX58H9500WS lodged on 12/29/2018, Report No. 20181229-7152C-2147383509.

… The consumers left their home for 9 hours and when they returned, the front left burner was on the high setting and bright red. The consumer turned the (rotating) control knob to the "off position". It is unknow how it got turned on.  They have experienced the same problem approximately 3 times in the past. One time, the consumer used the oven, but not the range burner. She placed the dish from the oven on

the range top and within a few minutes, she heard a crackling sound. The dish from the oven was breaking, and it was the result of the range burner being on the "high" setting. The consumer said she did not use that burner that day.9/2021: The consumer called the manufacturer and reported this matter to their rep. (name unknown). The firm called the consumer back, but she was unable to take the call. She followed up with them and found that they had referred her to the Internet for replacement knobs. When the consumer viewed those knobs on the Internet, they were "baby knobs" and she does not want them. The consumer said she cannot keep this range/oven in light of the safety issue. The consumer said that in one of the past instances, someone walked past the knobs, but she is unsure if they may have brushed against the knob or not. Overall, there have been 4 occurrences of this issue.

A consumer complaint regarding Samsung Range, Model No. NE58K9430SS lodged on 9/20/2021, Report No. 20210920-A6B84-3447919.

24.     Based on these complaints, it is clear that all of the Samsung Ranges are uniformly defective.  The Defect renders Samsung Ranges unusable for their intended central purpose: safe cooking. Unintentional activation of the Range burners allows them to reach extreme temperatures or leak gas, creating a fire danger and risk of physical injury.

25.     The Samsung Ranges are inherently defective when they leave the manufacturer's warehouses.  Consumers could not reasonably know about the Defect at the point of sale and could not discover the defect with a reasonable investigation at the time of purchase or delivery because a reasonable inspection by a consumer would not reveal whether the materials of the Samsung Ranges, the design of the Ranges, and/or the manufacturing processes related to the Ranges render them unsafe for normal and expected use.

## C. Samsung had Notice of the Defect and Failed to Provide an Adequate Remedy

26.     Samsung has had notice of the above Defect.  Indeed, Samsung as the designer and manufacturer of the Samsung Ranges, knew or should have known

about such a core portion of the functionality of their products.  But, even if the Samsung did not know about the Defect before marketing the Samsung Ranges, consumer complaints would have put Samsung on notice of the existence of the Defect.

27.    Indeed, as noted above, numerous public complaints were forwarded to the CPSC and, in turn, to Defendants.  Consumers submitted incident reports about the Defect to the CPSC as early as 2014.  Additionally, Consumers have also submitted complaints about the Defect directly to Samsung via reviews posted to its website and complaints lodged through its warranty program.

28.    Indeed, Samsung even posted on its website that it had knowledge of the Defect, the fact that its Samsung Ranges did not comply with international safety standards, and the dangers associated with Defect.   In a webpage posted on Defendant's support website, Samsung concedes that the "Range knobs accidentally turn on cooktop too easily":



## Range knobs accidentally turn on cooktop too easily

Although our ranges and some of our cooktops come with a Child Lock feature, this will not prevent the knobs from turning on the cooktop. This can be particularly dangerous with gas cooktops. Although all knobs must be made this way to meet international standards, third party products are available to address this issue.

The knobs on Samsung ranges are designed to meet the requirements set by international standards, which requires a two-factor mechanism. This means two movements are simultaneously required to turn on an element: pushing in and turning. The knob will not turn unless force is being applied to push it inwards. All ranges with knobs must meet this standard and Samsung is no exception.

However, there is something you can do. Getting some **cooktop knob covers** or locks can protect your knobs from accidentally being brushed against. Some even offer child-proofing. This is the option we recommend for those who are concerned that their cooktop may be too easy to accidentally turn on. If at any point you need to replace the knobs, visit **samsungparts.com** to purchase replacements.

### Related Content



**Samsung electric and induction cooktop temperature issues**

The way your electric or induction cooktop heats up and retains heat...

**Unable to increase or decrease the heat on Samsung cooktop**

You may not be able to change the power level of the heating...

*See* Samsung's Website, at https://www.samsung.com/us/support/troubleshooting/ TSG01203557/ (last visited on June 9, 2022).

29.    As noted in the above complaints, many consumers have contacted

CLASS ACTION COMPLAINT

Samsung regarding this problem to no avail. Despite notice of the Defect, Defendants have refused to fix the problem, provide consumers non-defective replacement Ranges, or refund any portion of the costs of the Ranges. Thus, Samsung has failed to cure the defect or replace Plaintiff's and the Class's Samsung Ranges with a non-defective Ranges and offer full compensation required under federal and state law.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this class action claim under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons who, in California, during the relevant statute of limitations, purchased one or more Samsung Ranges from Defendant or its authorized retailer sellers.

Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

31. Plaintiff reserves the right to amend or modify the Class definition for a class certification motion, or with discovery or investigatory results. This lawsuit is properly brought as a class action for the following reasons.

32. The Class is so numerous that joinder of the proposed individual Class members is impracticable. The Class includes thousands of persons geographically dispersed throughout California. The precise number and identities of Class members are unknown to Plaintiff but are known to Samsung and can be ascertained through discovery, namely by using Samsung's records of sales, warranty records, and other information kept by Samsung or by Samsung's agents.

33. Plaintiff anticipates no difficulties in managing this litigation as a class action. The Class is ascertainable. There is a well-defined community of interest in the questions of law and fact, since the rights of each Class member was infringed

CLASS ACTION COMPLAINT

or violated in similar fashion based upon Samsung's misconduct. Notice can be provided via records maintained by Samsung through mailed and electronic notice and publication, the cost of which is properly imposed upon Samsung.

34.     Questions of law and fact common to the Class exist as to Plaintiff and Class members. These common law and fact questions predominate over any questions affecting only individual Class members in that answering these questions will determine at one time Samsung's liability for the conduct alleged. The common questions of law and fact include:

a.     whether Defendants' Samsung Ranges are defective;

b.     whether Defendants' Samsung Ranges create an unreasonable safety risk;

c.     whether Defendants' Samsung Ranges are of merchantable quality;

d.     whether Defendants failed to disclose material facts about the defect in its Samsung Ranges and when Defendants learned of such material facts;

e.     whether Defendants made any implied warranties in its sale of the Samsung Ranges;

f.     whether Defendants breached any implied warranties relating to its sale of Samsung Ranges;

g.     whether Samsung violated consumer protection laws by selling defective Samsung Ranges or by failing to disclose the defect;

h.     the appropriate nature of class-wide equitable relief; and

i.     the appropriate measure of restitution and damages to award to Plaintiff and to the Class.

35.     Samsung engaged in common conduct establishing the legal rights sought to be enforced by Plaintiff and the Class. Individual questions pale by comparison to the numerous common questions which predominate.

CLASS ACTION COMPLAINT

36.     Plaintiff's claims are typical of the claims of Class members. The injuries sustained by Plaintiff and the Class flows, in each instance, from a common nucleus of operative facts based on Samsung's conduct, as alleged. Samsung's defenses asserted against Plaintiff's claims likely would be similar to Samsung's defenses asserted against Class members' claims.

37.     Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests materially adverse to or that irreconcilably conflict with Class members' interests and Plaintiff has retained counsel with significant experience in prosecuting class actions and complex litigation, and who will vigorously prosecute this action.

38.     A Class action is superior to other available methods for the fair and efficient group-wide adjudication of this controversy, and individual joinder of all Class members is impracticable, if not impossible because many Class members are located throughout the United States. The cost to the court system of such individualized litigation would be substantial. Individualized litigation would likewise present the potential for inconsistent or contradictory judgments and would cause significant delay and expense to all parties and multiple courts hearing virtually identical lawsuits. Managing this action as a class action presents few management difficulties, conserves litigant and court resources, protects each Class member's rights, and maximizes their recovery.

39.     Samsung has acted on grounds applicable to the entire Class, making final injunctive relief or corresponding declaratory relief appropriate regarding the Class as a whole.

**COUNT I**
**Breach of Implied Warranty**
**(on behalf of Plaintiff and the Class)**

40.     Plaintiff incorporates the above allegations by reference as if fully set forth below.

41.     Plaintiff asserts this count individually and for the proposed Class.

42.     Samsung and its authorized agents and retailers sold Samsung Ranges to Plaintiff and Class members in the regular course of business.

43.     Samsung is aware that the Samsung Ranges will be purchased by the end consumer.

44.     Samsung's authorized retailers act as Samsung's agent for purposes of its sale of the Samsung Ranges.  That is that Samsung controlled the marketing and warranties associated with the Samsung Ranges and authorized its retailers to act as their agents for purposes of warranty claims.

45.     Samsung provided written warranties on its Samsung Ranges, therefore the implied warranty of merchantability cannot be disclaimed.

46.     Samsung impliedly warranted to Plaintiff and Class members, the Samsung Ranges were of merchantable quality (*i.e.* a product of a high enough quality to make it fit for sale, usable for the purpose it was made, of average worth in the marketplace, or not broken, unworkable, damaged, contaminated or flawed), would pass without objection in the trade or business, and were free from material defects and reasonably fit for the use for which they were intended.  Samsung either knew or should have known of the purposes for which such Samsung Ranges are used (i.e. to safety cook food within the home), and Samsung should have been aware Plaintiff and the Class members were relying on Samsung's skill and judgment to furnish suitable goods for such purpose.

47.     Under agreements between Samsung and its authorized agents and resellers, the stores from which Plaintiff and Class members purchased their Samsung Ranges were authorized Samsung retailers.  Plaintiff and Class members are third-party beneficiaries of, and substantially benefited from, such contracts.

48.     Samsung breached its implied warranties by selling Plaintiff and Class members defective Samsung Ranges.  The defect renders the Samsung Ranges unfit for their ordinary use and purpose.  Samsung has refused to recall, repair or replace,

without charge, all Samsung Ranges or their defective component parts or refund the prices paid for defective Ranges.

49.    Samsung was on notice of the defect from complaints and service requests Samsung admittedly received notice, from repairs and replacements of the Samsung Ranges at issue, through Samsung's own internal testing and investigations, and through governmental reporting.

50.    Samsung and its authorized service facilities repeated refused to repair or replace the defective Samsung Ranges.

51.    The defect in the Samsung Ranges existed when the Ranges left Samsung's and Samsung's authorized agents' and resellers' possession and renders the Ranges unfit for their intended use and purpose.

52.    As a direct and proximate result of Samsung's breach of its implied warranties, Plaintiff and Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale for the difference between the value of the Samsung Ranges as warranted and the value of the Ranges as delivered. Plaintiff and Class members have incurred economic, incidental and consequential damages in the cost of repair or replacement and costs of complying with continued contractual obligations and the cost of buying an additional range they would not have purchased had the Samsung Ranges in question did not contain the non-repairable defect.

53.    Plaintiff and Class members are entitled to legal and equitable relief against Samsung, including damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief.

## COUNT II
## Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*
### (on behalf of Plaintiff and the Class)

54.    Plaintiff incorporates the above allegations by reference as if fully set forth below.

CLASS ACTION COMPLAINT

55.     Plaintiff asserts this count individually and for the proposed Class.

56.     The Samsung Ranges at issue are "consumer products" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(1).

57.     Plaintiff and Class members are "consumers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3).

58.     Defendants are a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Act, 15 U.S.C. §§ 2301(4)-(5).

59.     Defendants issued Plaintiff and Class members a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(6).

60.     Samsung warranted to Plaintiff and to Class members the Samsung Ranges were free from defect, were of merchantable quality, and fit for the ordinary and specific purposes for which the Ranges are used.

61.     Samsung has breached and refused to honor its warranties as the Samsung Ranges are defective and were not as impliedly warranted and failed to perform as reasonably expected.

62.     Plaintiff has asserted a valid breach of implied warranty claim as set out in Count I above.

63.     Samsung has breached and refused to honor its warranties. Due to the Defect, the Samsung Ranges were not as impliedly warranted, and failed to perform as reasonably expected.

64.     Defendants have been afforded a reasonable opportunity to cure its breach of warranty. Defendants have been provided ample notice of the Defect experienced by both Plaintiff and Class members but has failed to remedy the situation.

65.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered injury and damages in an amount to be determined. Plaintiff and the Class are entitled to recover damages, consequential damages, specific performance, diminution in value, rescission, attorneys' fees and costs, and other

relief as authorized by law.

## COUNT III
### Song-Beverly Warranty Act, California Civil Code §§ 1792 *et seq.*
### (on behalf of Plaintiff and the Class)

66.     Plaintiff incorporates the above allegations by reference as if fully set forth below.

67.     Plaintiff asserts this count individually and for the proposed Class.

68.     Under the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 *et seq.*, every sale of consumer goods in California is accompanied by both a manufacturer's and retail seller's implied warranty that the goods are merchantable and accompanied by an implied warranty of fitness.

69.     Plaintiff and Class members each purchased one or more Samsung Ranges at retail stores in California, which are "consumer goods" within the meaning of California Civil Code § 1791(a).

70.     Samsung manufactures and sells Samsung Ranges to retail buyers, and therefore Samsung is a "manufacturer" and "seller" within the meaning of California Civil Code § 1791.

71.     Samsung provided express warranties and Samsung impliedly warranted to Plaintiff and Class members the Samsung Ranges were of merchantable quality, would pass without objection in the trade or industry, and were fit for the ordinary purposes for which the Ranges are used.

72.     Samsung has breached both its implied warranties because the Samsung Ranges sold to Plaintiff and Class members were not of the same quality as those acceptable in the trade and were not fit for the ordinary purposes for which such goods are used, in that the Ranges had a Defect that made them fundamentally unsafe.

73.     As Samsung or its representatives and retail sellers will not repair these Samsung Ranges to conform to the warranties after a reasonable number of attempts,

Samsung must replace the Samsung Ranges with non-defective Ranges or reimburse the buyers for the purchase price of such Ranges. Samsung has failed to do so. Such failure to comply with these statutory warranty obligations was willful.

74.    As a direct and proximate cause of Samsung's breach of the Song-Beverly Act, Plaintiff and Class members sustained damages and other losses in an amount to be determined entitling them to compensatory damages, consequential damages, statutory damages and civil penalties, diminution in value, costs, attorneys' fees and interest.

**COUNT IV**
**Violation of CAL. BUS. & PROF. CODE §§ 17500,** *et seq.*
**Untrue, Misleading and Deceptive Advertising**
**(on behalf of Plaintiff and the Class)**

75.    Plaintiff incorporates the above allegations by reference as if fully set forth below.

76.    Plaintiff asserts this count individually and for the proposed Class.

77.    At all material times, Defendants engaged in a scheme of offering its Samsung Ranges for sale to Plaintiff, and other members of the Class, by way of, *inter alia*, commercial marketing and advertising, internet content, product packaging, and other promotional materials.

78.    These materials, advertisements and other inducements misrepresented and/or omitted the true benefits of Defendants' Samsung Ranges as alleged herein. Indeed, Defendant omitted material information regarding the Defect and, therefore, the safety of the Samsung Ranges.

79.    Defendant's advertisements and other inducements come within the definition of advertising as contained in CAL. BUS. PROF. CODE §§ 17500, *et seq*., in that such promotional materials were intended as inducements to purchase Defendants' Samsung Ranges and are statements disseminated by Defendants to Plaintiff and other members of the Class in California.

80.     Defendants knew, or in the exercise of reasonable care should have known, that the statements regarding its Samsung Ranges were misleading and/or deceptive.

81.     Consumers, including Plaintiff and members of the Class, necessarily and reasonably relied on Defendant's statements regarding the Samsung Ranges. Consumers, including Plaintiffs and members of the Class, were among the intended targets of such representations.

82.     The above acts of Defendants, in disseminating said misleading and deceptive statements throughout the State of California, including Plaintiffs and members of the Class, were and are likely to deceive reasonable consumers by obfuscating the true nature Samsung Ranges and the Defect, and thus were violations of CAL. BUS. PROF. CODE §§ 17500, *et seq*.

83.     Plaintiffs and Class members were harmed and suffered injury as a result of Defendant's violations of the CAL. BUS. PROF. CODE §§ 17500, *et seq*. Defendant has been unjustly enriched at the expense of Plaintiffs and the members of the Class.

84.     Accordingly, Plaintiff and members of the Class seek injunctive relief prohibiting Defendants from continuing these wrongful practices and forcing Defendants to repair the Defect, and/or such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from Defendants' wrongful conduct to the fullest extent permitted by law.

**COUNT V**
**Violation of CAL. CIV. CODE §§ 1750, *et seq*.**
**Misrepresentation of a Product's standard, quality,**
**sponsorship, approval, and/or certification**
**(on behalf of Plaintiff and the Class)**

85.     Plaintiff incorporates the above allegations by reference as if fully set forth below.

86.     Plaintiff asserts this count individually and for the proposed Class.

20

87.    Defendants' Samsung Ranges are a "good" as defined by California Civil Code §1761(a).

88.    Defendants are a "person" as defined by California Civil Code §1761(c).

89.    Plaintiff and Class members are "consumers" within the meaning of California Civil Code §1761(d) because they purchased their Samsung Ranges for personal, family or household use.

90.    The sale of Defendants' Samsung Ranges to Plaintiff and Class members is "transaction" as defined by California Civil Code §1761(e).

91.    By not disclosing the Defect in the Samsung Ranges, Defendant violated California Civil Code §§ 1770(a)(2), (5), (7) and (9), as it misrepresented the standard, quality, sponsorship, approval, and/or certification of its Samsung Ranges.

92.    As a result of Defendants' conduct, Plaintiff and Class members were harmed and suffered actual damages as a result of Defendants' unfair competition and deceptive acts and practices.  Had Defendant disclosed the true nature for the Defect, Plaintiff and the Class would not have been misled into purchasing Defendant's Samsung Ranges, or, alternatively, pay significantly less for them.

93.    Plaintiff, on behalf of himself and all other similarly situated California consumers, and as appropriate, on behalf of the general public of the state of California, seeks injunctive relief prohibiting Defendants continuing these unlawful practices pursuant to California Civil Code § 1782(a)(2).

94.    Plaintiff provided Defendants with notice of its alleged violations of the CLRA pursuant to California Civil Code § 1782(a) *via* certified mail, demanding that Defendant correct such violations.

95.    If Defendants fail to respond to Plaintiff's CLRA notice within 30 days, Plaintiff may amend this Complaint to seek all available damages under the CLRA for all violations complained of herein, including, but not limited to, statutory

damages, punitive damages, attorney's fees and cost and any other relief that the Court deems proper.

## COUNT VI
### Violation of CAL. BUS. & PROF. CODE §§ 17200, *et seq.* - Unlawful Business Acts and Practices
### (on behalf of Plaintiff and the Class)

96. Plaintiff incorporates the above allegations by reference as if fully set forth below.

97. Plaintiff asserts this count individually and for the proposed Class.

98. The California Civil Code § 1770(a)(2), (5), (7) and (9) prohibits mislabeling food misrepresenting the standard, quality, sponsorship, approval, and/or certification of a product, as noted in above.

99. The business practices alleged above are unlawful under Business and Professional Code §§ 17500, *et seq.*, California Civil Code §§ 1770(a)(2), (5), (7) and (9), each of which forbids the untrue, fraudulent, deceptive, and/or misleading marketing, advertisement, packaging and labelling of products.

100. Additionally, the business practices alleged herein violate the UCC, Magnuson-Moss Warranty Act, and Song-Beverly Warranty Act.

101. Accordingly, Plaintiff and members of the Class seek injunctive relief prohibiting Defendants from continuing these wrongful practices and forcing Defendants to repair the Defect, and/or such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from Defendants' wrongful conduct to the fullest extent permitted by law.

## COUNT VII
### Violation of CAL. BUS. & PROF. CODE §§ 17200, *et seq.* - Unfair Business Acts and Practices
### (on behalf of Plaintiff and the Class)

102. Plaintiff incorporates the above allegations by reference as if fully set forth below.

103. Plaintiff asserts this count individually and for the proposed Class.

22

104. Plaintiff and other members of the Class who purchased Defendants' Samsung Ranges suffered a substantial injury by virtue of buying a product that had the Defect. Had Plaintiff and members of the Class known that Defendants' marketing materials, advertisement and other inducements misrepresented and/or omitted the true nature of the Defect and the Samsung Ranges, they would not have purchased said products.

105. Defendants' actions alleged herein violate the laws and public policies of California and the federal government, as set out preceding paragraphs of this Complaint.

106. There is no benefit to consumers or competition by allowing Defendants to deceptively market and advertise its Samsung Ranges and placing such Ranges into commerce with the Defect.

107. Plaintiff and Class members who purchased Defendants' Samsung Ranges had no way of reasonably knowing that these products were deceptively marketed and advertised. Thus, Class members could not have reasonably avoided the injury they suffered.

108. The gravity of the harm suffered by Plaintiff and Class members who purchased Defendants' Samsung Ranges outweighs any legitimate justification, motive or reason for marketing, advertising, packaging, and labeling the Samsung Ranges in a deceptive and misleading manner Ranges and placing into commerce Ranges with the Defect. Accordingly, Defendants' actions are immoral, unethical, unscrupulous and offend the established public policies as set out in federal and state law and is substantially injurious to Plaintiff and members of the Class.

109. Accordingly, Plaintiff and members of the Class seek injunctive relief prohibiting Defendants from continuing these wrongful practices and forcing Defendants to repair the Defect, and/or such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from Defendants' wrongful conduct to the fullest extent permitted by law.

## COUNT VIII
### Violation of CAL. BUS. & PROF. CODE §§ 17200, *et seq.* - Fraudulent Business Acts and Practices
### (on behalf of Plaintiff and the Class)

110.   Plaintiff incorporates the above allegations by reference as if fully set forth below.

111.   Plaintiff asserts this count individually and for the proposed Class.

112.   At all material times, Defendants engaged in a scheme of offering its Samsung Ranges for sale to Plaintiff, and other members of the Class. by way of, *inter alia*, commercial marketing and advertising, internet content, product packaging and other promotional materials.

113.   These materials, advertisements and other inducements misrepresented and/or omitted the true nature of Defendants' Samsung Ranges as alleged herein. Indeed, Defendant omitted material information regarding the Defect and, therefore, the safety of the Samsung Ranges.

114.   Defendant knew, or in the exercise of reasonable care should have known, that the statements regarding its Samsung Ranges were misleading and/or deceptive.

115.   Consumers, including Plaintiff and members of the Class, necessarily and reasonably relied on Defendant's statements regarding the Samsung Ranges. Consumers, including Plaintiffs and members of the Class, were among the intended targets of such representations.

116.   The above acts of Defendants, in disseminating said misleading and deceptive statements throughout the State of California, including Plaintiffs and members of the Class, were and are likely to deceive reasonable consumers by obfuscating the true nature Samsung Ranges and the Defect, and thus were violations of the fraudulent prong of CAL. BUS. PROF. CODE § 17200.

117.   Plaintiffs and Class members were harmed and suffered injury as a result of Defendant's violations of the CAL. BUS. PROF. CODE §§ 17200, *et seq.*

24

Defendant has been unjustly enriched at the expense of Plaintiffs and the members of the Class.

118.   Accordingly, Plaintiff and members of the Class seek injunctive relief prohibiting Defendants from continuing these wrongful practices and forcing Defendants to repair the Defect, and/or such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from Defendants' wrongful conduct to the fullest extent permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of a class of all others similarly situated, seek a judgment against Defendant, as follows:

a.   For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class representative and Plaintiffs' attorneys as Class Counsel;

b.   For an order declaring that Defendant's conduct violates the statutes referenced herein;

c.   For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

d.   For compensatory, statutory, and punitive damages, as applicable, in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded;

f.   For an order of restitution and all other forms of equitable monetary relief;

g.   For injunctive relief as pleaded or as the Court may deem proper; and

h.   For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees, expenses, and costs incurred in bringing this lawsuit.

## **JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable as of right.

Dated: July 18, 2022

Respectfully submitted,

*/s/ Trenton R. Kashima*
Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
401 West C St., Suite 1760
San Diego, CA 92101
Tel: (714) 651-8845
Email: tkashima@milberg.com

Alex R. Straus, SBN 321366
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
Tel: 865-247-0080
Email: astraus@milberg.com

Gary Klinger*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel.:   (866) 252-0878
Email: gklinger@milberg.com

**Pro Hac Vice* Application Forthcoming

*Attorneys for Plaintiffs and the Class*

CLASS ACTION COMPLAINT